IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| R.T. PROPERTIES, L.L.C., an Oklahoma limited liability company; and RODNEY D. THORNTON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No.  CIV-16-907-W<br>(*Formerly Cleveland County Case No. CJ-2016-56*) |
| ALEXANDER & STRUNK INSURANCE PROFESSIONALS; LINDA SULLIVAN, Individually, PHILADELPHIA INSURANCE COMPANIES; PHILADELPHIA INDEMNITY INSURANCE COMPANY; WESTERN HERITAGE INSURANCE COMPANY; U.S. RISK INSURANCE GROUP, INC., a foreign corporation; U.S. RISK, INC., a foreign corporation, Jon Doe Insurance 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>DEFENDANT WESTERN HERITAGE'S NOTICE OF REMOVAL</u>

Defendant Western Heritage Insurance Company (hereinafter "this Defendant" or "WHIC"), hereby submits its notice of removal of this action to the United States District Court for the Western District of Oklahoma.  Pursuant to LCvR 81.2, a copy of the state court docket sheet,  as well as all documents filed or served in the state court action, are attached hereto as **EXHIBIT 1** (Docket Sheet), **EXHIBIT 2** (Petition), **EXHIBIT 3** (First Amended Petition), **EXHIBIT 4** (Summons - Linda Sullivan), **EXHIBIT 5** (Summons - Alexander & Strunk Insurance Professionals), **EXHIBIT 6** (Summons - Western Heritage

Insurance Company), **Exhibit 7** (Summons - US Risk, Inc.), and **Exhibit 8** (Summons - U.S. Risk Insurance Group, Inc.), **Exhibit 9** (Summons - Philadelphia Indemnity Insurance Company), **Exhibit 10** (Philadelphia Insurance Company), **Exhibit 11** (Motion to Dismiss of Defendants Alexander & Strunk, Inc., and Linda Sullivan and Brief in Support), **Exhibit 12** (Special Appearance and Motion to Dismiss of Motion to Dismiss of Defendants Philadelphia Insurance Companies and Philadelphia Indemnity Insurance Company), and **Exhibit  13** (Defendants U.S. Risk, Inc. and U.S. Risk Insurance Group, Inc.'s Motion to Dismiss First Amended Petition).   To this Defendant's knowledge, no other motions, pleadings or papers have been received by Defendant or filed in the state court case.

The basis of this removal is that the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, and that – due to the fraudulent or improper joinder of non-diverse Defendants – complete diversity exists between all <u>proper</u> parties.  In further support, WHIC submits the following:

1.    According to Plaintiff's First Amended Petition, Plaintiff R. T. Properties is an Oklahoma limited liability company with its principal place of business in Cleveland County, Oklahoma.  (*See* para. 1 of First Amended Petition, **Exhibit 3**.)

2.    According to Plaintiff's First Amended Petition, Plaintiff Thornton is a resident of Cleveland County, Oklahoma.  (*See* para. 2 of First Amended Petition, **Exhibit 3**.)

3.    Plaintiff's First Amended Petition is silent as to the domicile and principal place of business of the various Defendants.  Accordingly, this Defendant provides the following information for the court's benefit.

(a)     Defendants Philadelphia Insurance Companies and Philadelphia Indemnity Insurance Company are domiciled in Pennsylvania, with their principal place of business in Bala Cynwyd, Pennsylvania.  (*See*, Pennsylvania Secretary of State print-outs, collectively attached as **EXHIBIT 14**.)

(b)     Defendants Western Heritage Insurance Company is domiciled in Arizona.(*See* Arizona Corporation Commission print-out, attached hereto as **EXHIBIT 15**.)

(c)     Defendant U.S. Risk Inc., is domiciled in the state of Texas, with its principal office in Dallas, Texas.  (*See*, Texas Secretary of State print-out, **EXHIBIT 16**.)

(d)     Defendant U.S. Risk Insurance Group, Inc., is domiciled in the state of Delaware, with its principal office in Dallas, Texas.  (*See*, Texas Registration of Foreign [Delaware] corporation, attached hereto as **EXHIBIT 17**.)

(e)     Defendant Alexander & Strunk Insurance Professionals is an independent insurance agency domiciled in Oklahoma, with its principal place of business in Oklahoma City, Oklahoma.  Defendant Linda Sullivan (one of the individual agents/producers at said agency) is a resident of Oklahoma County, Oklahoma.

4.     WHIC submits that the Oklahoma-domiciled Defendants referenced in paragraph 3(e), above, were fraudulently or improperly joined for purposes of attempting to defeat federal diversity jurisdiction.  This proposition will be discussed in greater detail, below.

5.      Plaintiff alleges and prays for damages "in excess of $75,000.00," plus punitive damages, interest, and costs.  Accordingly, the amount required for diversity jurisdiction under 28 U.S.C. § 1332 is present.

6.      Plaintiff filed the present case in the District Court of Cleveland County, Oklahoma, Case No. CJ-2016-56, on January 20, 2016.  <u>The original Petition, however, did not name or identify WHIC</u>.  WHIC was added by way of Amended Petition filed on July 15, 2016.  Service of process against WHIC was accomplished through the Oklahoma Insurance Commission on July 19, 2016.  (*See* Letter and Oklahoma Insurance Department-stamped Summons dated July 19, 2016, attached hereto as **EXHIBIT 18.**)

7.      Disregarding the non-diverse Defendants who WHIC submits were fraudulently or improperly joined, the remaining controversy is between parties who are residents of different states, with alleged damages in excess of $75,000.  Therefore, removal jurisdiction exists pursuant to 28 U.S.C. § 1441(a) on the ground that the federal court has diversity jurisdiction under 28 U.S.C. § 1332.

8.      This notice of removal is timely filed with this court, pursuant to 28 U.S.C. § 1446(b), because this notice is filed within 30 days of service upon WHIC.

9.      At the time of this removal, there are certain pending motions in this case in the Cleveland County District Court, as follows:

      (a)      Motion to Dismiss of Defendants Alexander & Strunk, Inc., and Linda Sullivan and Brief in Support;

(b)      Motion to Dismiss of Defendants Philadelphia Insurance Companies and Philadelphia Indemnity Insurance Company; and

(c)      Defendants U.S. Risk, Inc. and U.S. Risk Insurance Group, Inc.'s Motion to Dismiss First Amended Petition.

10.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will be served on counsel for Plaintiff, and a copy of this notice of removal will be filed with the clerk of the District Court of Cleveland County, State of Oklahoma.

11.      Pursuant to L.Cv.R. 81.2, copies of all documents filed or served in the state court action, as well as a certified copy of the docket sheet in the state court action, are filed contemporaneously herewith and adopted herein by reference. No other pleadings have been received by Defendant or filed in the case.

12.      Defendants Philadelphia Insurance Company and Philadelphia Indemnity Insurance Company consent to removal.

13.      Defendants U.S. Risk Insurance Group, Inc., and U.S. Risk, Inc. consent to removal.

14.      With regard to the issue of improper or fraudulent joinder, Defendant submits the following background, argument, and authorities.

## Introduction

This case arises out of a course of litigation (to which WHIC has not been a party) between Plaintiffs and various individuals/entities in Cleveland County, Oklahoma. Plaintiff R.T. Properties and another entity, named Greenway Park, LLC, were embroiled in a dispute

concerning their rights and responsibilities as owners of adjacent commercial properties in

Norman (Cleveland County), Oklahoma.  In 2013, Greenway Park, LLC, sued Plaintiff R.T.

Properties, LLC for, among other things, injunctive relief requiring R.T. Properties, LLC, to

bring its lots into compliance with certain alleged declarations/covenants of the Greenway

Park Commercial Owners Association, Inc. In response, R.T. Properties, LLC, as well as

Plaintiff Thornton, individually, asserted certain counterclaims against Greenway Park, LLC,

under various theories of recovery including but not limited to declaratory relief, quiet title,

slander of title, misrepresentation, intentional interference with contractual relations, and

related torts.

The Association had purchased Director's and Officer's coverage from Philadelphia

Indemnity Insurance Company and (upon information and belief) Western World Insurance

Company.  The Association had also purchased commercial general liability coverage from

Western Heritage Insurance Company (and upon information and belief) and Endurance

Insurance Company.  Plaintiffs R.T. Properties and Rodney D. Thornton now allege that

during their dispute with Greenway Park, LLC, they should have been provided a defense

and/or indemnity by way of one or more of these various insurance policies purchased by the

Association.  Plaintiffs have asserted claims in this regard not only in the present Cleveland

County case being removed by way of this Notice (*i.e.*, Cleveland County Case No. CJ-2016-

56), but also in a strikingly similar Cleveland County case (Case No. CJ-2016-821).  Indeed,

for the court's convenience, and pursuant to LCvR 3.7 (b), WHIC hereby provides notice of

said related case, which is being contemporaneously removed with the present case (and for

the same reason – *i.e.*, improper joinder of the Oklahoma-based Defendants).[1]

## Applicable Standard

Any Defendant who has been improperly or fraudulently joined must be ignored for

diversity purposes. *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

Despite the nomenclature, fraudulent joinder "does not reflect on the integrity of the plaintiff

or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer

any other justifiable reason for joining the defendant." *Wolf Creek Nuclear Operating Corp.*

*v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan.  2006).  The reason for this

doctrine is that a plaintiff who joins a non-diverse defendant with the sole purpose of

defeating removal is acting unfairly toward the non-diverse defendant, who should not be a

party, and to the diverse defendant, whose statutory right is unjustly prohibited.  *Wilson v.*

*Republic Iron & Steel*, 257 U.S. 92, 98, 42 S. Ct. 35, 37-38, 66 L. Ed. 144 (1921).

As the removing party, a defendant bears the burden of establishing that jurisdiction

is proper.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Assuming that the requisite amount in controversy can be satisfied, a removing defendant

---

[1] The above factual background can be found in a declaratory judgment action filed in the Western District on July 14, 2016 (one day <u>prior</u> to the filing of the First Amended Petition against Western Heritage in Case No. CJ-2016-56, and also one day <u>prior</u> to the filing of the Petition against Western Heritage in Case No. CJ-2016-821), by Philadelphia Indemnity Insurance Company against Greenway Park Commercial Owners Association, Inc., Rodney D. Thornton, and R. T. Properties, LLC (Case No. CIV-16-797-C).  The Complaint for Declaratory Judgment in that case addresses the underlying litigation from which multiple persons/entities now claim benefits under various insurance policies issued to the Greenway Park Owners Association, Inc.  Pursuant to LCvR 3.7 (b), the present Court is being made aware of said pending declaratory judgment action, as well.

does not have to show that the plaintiff committed outright "fraud" in pleading the jurisdictional facts.  Rather, the removing defendant can simply show that there is no real possibility of recovery against the non-diverse defendant.  *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 & n. 3 (5th Cir. 1992).

In *Slover v. The Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272 (N.D.Okla. 2006),  the court discussed the protocol for situations in which a defendant believes that non-diverse co-defendants have been improperly joined:

> Because Defendants have alleged fraudulent joinder, the Court may pierce the pleadings. *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F.Supp.2d 1108, 1113 (D.Colo. 2000). Thus, the Court may consider certain underlying facts--such as the insurance policy at issue here--to determine whether the non-diverse parties are proper. *Smoot v. Chi., Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir.1967) ("[U]pon specific allegations of fraudulent joiner the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.") (Internal citations omitted). The standard, however, is stringent, and the Court must resolve any ambiguities in Plaintiffs' favor. *Martin*, 251 F.3d at 1289-90 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)).

*Id.* at 1276.  The Northern District of Oklahoma went on to say:

> "If outright fraud in the pleading of jurisdictional facts cannot be proven, ***the question becomes more closely akin to that of whether the plaintiff has properly stated a claim upon which relief may be granted*** under Fed.R.Civ.P. 12(b)(6).  *See Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989); *Fine v. Braniff Airways, Inc.*, 302 F.Supp. 496, 497 (W.D.Okla. 1969).*

*Id.* at 1278 -1279 (emphasis added).  The *Slover* court concluded by making the succinct but meaningful observation that, "if the plaintiff clearly cannot maintain a state law claim against the non-diverse defendant . . . such defendant shall be considered fraudulently joined." *Id.* at 1279.

## Summary of Argument

In the present case, WHIC submits that the precise issue here – *i.e.*, whether vague and conclusory allegations against a retail insurance agent pass muster under Oklahoma law – has been addressed by the Western District of Oklahoma.  Vague allegations about a purported request for "adequate" coverage, "advice," or "guidance," no matter how a plaintiff might attempt to disguise or dress-up the allegations, will not support any theory of recovery against an insurance agent because the duty of care in Oklahoma simply does not go that far. And, because there is no duty to advise or provide guidance, there can be no "negligent misrepresentation" for allegedly bad advice.

## Discussion

**PROPOSITION:   PLAINTIFFS FAIL TO STATE A VALID CAUSE OF ACTION AGAINST THE OKLAHOMA DEFENDANTS.**

To the extent Plaintiffs attempt to articulate a cause of action against the Oklahoma Defendants, said conclusory allegations can be found on pages 2, 3, 8, 9, and 10, and can be summarized as follows:

- The local Defendants breached an alleged "fiduciary duty" by not stamping a disclosure notice on the declarations page of the Western Heritage policy that Western Heritage is a surplus lines insurer, and by allegedly failing "to solicit

9

inquiries to at least three admitted carriers" before procuring insurance from a non-admitted (*i.e.*, surplus lines) insurer. (*See* paragraphs 9 and 10 of First Amended Petition, **EXHIBIT 3**.)

- The Oklahoma Defendants should have provided "the same coverage for other entities that association would name and as an additional insureds under said insurance policies from time to time." (*See* paragraph 61 of First Amended Petition, **EXHIBIT 3**.)

- The Oklahoma Defendants owed Plaintiffs a duty to procure insurance policies as requested by Plaintiffs, and represented and warranted that they would obtain and procure the insurance requested by Plaintiffs. (*See* paragraph 61 of First Amended Petition, **EXHIBIT 3**.)

- The Oklahoma Defendants owed Plaintiffs a duty "to provide guidance to Plaintiffs in their business transactions to ensure that Plaintiffs obtained the insurance policies and coverage requested and desired by Plaintiffs." (*See* paragraph 67 of First Amended Petition, **EXHIBIT 3**.)

- The Oklahoma Defendants breached their duties to Plaintiff's principals in the guidance of the business transactions" between them by "providing false information." (*See* paragraph 68 of First Amended Petition, **EXHIBIT 3**.)

Putting aside the fact that there is no allegation, whatsoever, that Western Heritage or any other insurer named in this case has become insolvent (which would be necessary before any allegation concerning the disclosure "stamp" relating to the inapplicability of the Oklahoma Guaranty Fund could conceivably become relevant), the allegations against the Oklahoma Defendants are unworkably hollow and legally insufficient.

The subject insurance policies were purchased by the Greenway Park Commercial Owners' Association. To the extent there was any relationship from which any duty of care, however slight, could arise between the customer and the retail agent, said duty of care would extend only to the customer of the agency (which was neither R.T. Properties, LLC, nor

Rodney D. Thornton).  That said, the present argument for improper removal does not rely upon Plaintiffs' lack of standing to assert a cause of action against the Oklahoma Defendants. Rather, the improper joinder argument relates solely to the legal inadequacy of Plaintiffs' allegations of wrongdoing on the part of the Oklahoma Defendants.

Plaintiffs complain of "false" information, but make no allegations in that regard. Plaintiffs claim there was a duty to procure insurance policies, yet by their own allegations they concede that insurance was <u>actually purchased and in effect</u>.  In other words, this is not a case where a customer of an insurance agency provided the agency with a request for a specific type of coverage for a certain duration, received a quote, paid the agency the premium, and then assumed coverage was in place as requested, only to learn after a loss that the agent had absconded with the money.  Instead, the present Plaintiffs themselves assert – with much vigor – that there <u>are</u> insurance policies in place, that they <u>are</u> insureds under the policies and/or should otherwise get benefits under the policies, and that they <u>are</u> entitled to sue the insurance companies not only for breach of contract, but bad faith.  And, to the extent Plaintiffs might want to complain about some problem or nuance with a particular policy or type of coverage that was purchased and in place, Plaintiffs are completely silent on such issues in their First Amended Petition.

In *Smith v. Allstate Vehicle & Property Insurance Company*, 2014 WL 1382488 (W.D. Okla.), the insured, *Smith*, sued both Allstate and the insurance agent, Muse, in state court.  The plaintiffs made several serious-sounding allegations against the agent, such as:

- The insurance they requested "was not procured as promised and plaintiffs suffered a loss."

- The agent represented that the replacement cost policy they purchased would "serve to replace their home and personal property without any deduction for depreciation, knowing that was not true."

- The agent "failed to advise them that they had to partially pay to replace property before they could actually recover the replacement cost benefits."

- The agent procured a policy that "did not serve to return their home and personal property to its pre-loss condition" and "did not accurately reflect the replacement cost of plaintiffs' dwelling."

- The agent "had a duty to accurately inform plaintiffs of all coverages, benefits, limitations, risks and exclusions."

- The agent "had a duty to monitor and review the policy procured for plaintiffs to ensure it provided appropriate and adequate coverage."

*Id.* at \*2.

Judge Heaton in the Western District concluded that "none of these allegations suffice to state a valid claim against Defendant Muse," <u>regardless of whether couched in terms of negligent procurement, negligent misrepresentation, or breach of fiduciary duty</u>.  In making his determination, Judge Heaton provided a very thorough discussion of the applicable Oklahoma law which defines the very <u>narrow</u> duty of care an insurance agent owes a customer.

Judge Heaton pointed out that the Oklahoma Court of Civil Appeals held in *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999), that an agent has a duty to use reasonable care and diligence in the procurement of insurance and that an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured

suffers a loss.  *Id.*  Judge Heaton also pointed out that no subsequent court has expanded the *Swickey* rationale, and that subsequent Oklahoma decisions have explicitly determined that there is no duty upon an agent or insurer to advise an insured/customer as to coverage needs, and that a vague request for "adequate" coverage does not somehow broaden the duty of care.  *Id.* at *2, *quoting Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013), and *Rotan v. Farmers Ins. Group of Cos.,* 83 P.3d 894, 895 (Okla. Civ. App. 2004).

In *Smith*, the plaintiffs also alleged that the insurance procured did "not accurately reflect the replacement cost" of the subject property.  Judge Heaton noted, however, that Oklahoma courts "have explicitly refused to impose a duty upon an insurer to provide an adequate amount of coverage when the insured did not request a specific amount of coverage." *Id* at *2, *quoting Cosper,* 309 P.2d at 149.  Judge Heaton concluded that, "because plaintiffs acknowledge that coverage was obtained and do not allege that the amount of coverage was not what they had requested, their attempt to hold Muse accountable under Oklahoma law for misconduct in conjunction with the procurement of their policy fails." *Id.*

In the present case, Plaintiffs make very similar (*i.e.*, serious-sounding, but substantively void) allegations as the *Smith* plaintiffs made against *Allstate*.  If the various and sundry allegations by the insured in the *Smith v. Allstate* case did not pass muster in the Western District, WHIC submits that neither should the same type of allegations pass muster here.

Judge Heaton correctly noted that, "while plaintiffs assert Muse had a duty to explain the process for receiving replacement cost benefits, they cite no Oklahoma authority imposing such a duty on an insurance [agent] and the court is aware of none." *Id* at *3. Judge Heaton went on to observe as follows:

> ***Courts routinely reject insureds' attempts to hold their insurance agent or insurance company liable for failing to explain the terms of coverage.*** *E.g., Bell v. Allstate Ins. Co.*, 2005 WL 1353527, *9 (E.D.Pa. May 31, 2005) (insurer was not vicariously liable for agent's alleged negligent failure to explain "that the Policy would only provide coverage if he resided at the Property at the time of any loss," because agent "did not have a duty to counsel [the insured] about the collateral consequences of his homeowner's policy coverage"); see generally *Silver v. Slusher*, 770 P.2d 878, 883 (Okla.1989) ("As offeror, Farmers had no contractual duty voluntarily to explain the terms of its offer or the advantages and disadvantages to procuring UM coverage."). Although an agent may be held accountable for failing to answer an insured's coverage questions accurately, he or she generally is ***not obligated to explain the policy terms to the insured***. Rather, ***under Oklahoma law "[i]t is the duty of the insured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions,*** unless he alleges and proves that he was induced not to read the policy by trick or fraud of the other party." *National Fire Ins. Co. Of Hartford v. McCoy*, 239 P.2d 428, 430 (Okla.1951) (internal quotations omitted).

*Id.* (emphasis added).[2] Judge Heaton then made the following poignant conclusion about the case in front of him:

> Plaintiffs do not assert they specifically asked Muse about the policy's payment terms or that he affirmatively misrepresented what they had to do to obtain replacement cost benefits. Based on the facts pleaded in the petition  and the further factual matters plaintiffs assert they could prove, the court concludes that Muse ***did not breach a duty owed to plaintiffs when he did not explain the benefits payment process to them.***

*Id.*  It follows that the same allegations in the present case also fail to establish any breach of duty by the alleged failure of the agent to provide "guidance in business transactions."

Judge Heaton also addressed the "breach of fiduciary duty" claim.  Judge Heaton succinctly noted that "<u>Oklahoma courts have not imposed a fiduciary duty on an insurance agent to a prospective insured</u> or to an established customer with respect to procurement of an additional policy . . . and the facts pleaded do not warrant extending the law to impose a fiduciary duty here."  *Id* at *4, *quoting Swickey*, 979 P.2d at 269; *Cosper*, 309 P.3d at 150 (emphasis added).  Accordingly, Judge Heaton found that fraudulent joinder had been

---

[2] Similarly, in *Slover v. Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272 (N.D. Okla. 2006), Judge Payne evaluated whether certain resident insurance agents had been improperly joined to defeat diversity.  In rendering his decision, Judge Payne first recognized that, with regard to claims of negligent misrepresentation by an agent, "oral discussions in pre-contract negotiations <u>are merged into, and superceded by, the terms of an executed writing</u>."  *Id.* at 1281 (emphasis added). Judge Payne also pointed out that an insured cannot turn a blind eye to the terms of an insurance policy because, in Oklahoma, insureds have a duty to examine, read, and know the contents of the policy before accepting and paying the premium therefore.  *Id.* at 1283.  The court stated that, having failed or neglected to do so, insureds are estopped from denying knowledge of the terms or conditions of the policy.  *Id.*, citing *Liverpool and L&G Ins. Co. v. T.M. Richardson Lumber Co.*, 11 Okla. 579, 69 P. 936, 937 (1902).

established due to the inability of the plaintiffs to articulate a cause of action against the non-diverse party.[3]

Of course, the present case is no different. An Oklahoma court has never imposed a fiduciary duty on an insurance agent to a prospective insured or an established customer, and the facts pleaded here certainly do not warrant extending the law.

Finally, Plaintiffs' claims of "negligent misrepresentation" suffer from the same fatal flaw. That is, aside from the fact that there is no allegation in the First Amended Petition regarding the "who, what, when where, and how" the misrepresentation (or constructive fraud) took place, the lack of duty of care defeats this claim as a matter of law. This concept was articulated in *Siddique v. Western Heritage Company,* 2015 WL 2451734 (E.D. Okla.). In *Siddique,* the plaintiff alleged he was "misled" by the agent's "misrepresentations," and – unlike the present Plaintiffs – even offered specifics. That is, the plaintiff alleged that the agent misrepresented that the insurance was "replacement cost," that the coverage limit was "equal to the estimated replacement cost," and that the amount of coverage provided would be sufficient in the event of a loss. *Id*. at *4.

In dispensing of the negligent misrepresentation claim, the federal district court explained as follows:

> Under Oklahoma law, constructive fraud "consists: 1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming

---

[3] See also *Neill v. State Farm*, et al., 2014 WL 223455 (W.D.Okla.); *Hyman v. Travelers, et al.*, 2014 WL 111942 (W.D.Okla.).

under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, 2. in any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud ." 15 Oka. Stat. § 59. Generally, Oklahoma courts have found that insurance companies and their agents do not have a duty to advise someone as to their insurance needs. *Mueggenborg*, 2002 OK CIV APP 88, ¶ 7, 55 P.3d at 453 ( [T]he majority of other jurisdictions have rejected the concept that insurance companies or their agents have a duty to advise an insured with respect to his insurance needs.). If, then, there is no duty, then such a claim of constructive fraud by way of negligent misrepresentation must fail. See *Cosper*, 2013 OK CIV APP 78, ¶ 11, 309 P.3d at 149–150 ("Title 15 O.S. 2011 § 59 defines constructive fraud as a breach of duty which allows one to gain advantage by misleading another. ***Since Defendants did not owe Plaintiffs a duty in negligence or for misrepresentation, their claim for constructive fraud also fails***."). Here, the Plaintiff has failed to establish the existence of such a duty under Oklahoma law, nor has he proffered any statement that their relationship was anything other than an arms' length transaction. See also ... *Rivera*, 2014 WL 7335320, at *2 ("[P]laintiffs do not allege in their complaint that they actually requested specific coverage which Hartford failed to provide. Instead, they make the general assertion that they 'trusted and believed Defendant HARTFORD had the requisite insurance broker/agent skills and expertise to properly procure the replacement cost coverage Plaintiffs requested.' The lack of factual allegations demonstrating a specific breach of duty renders plaintiffs' negligent procurement claim insufficient. ***Without an underlying duty, their constructive fraud/misrepresentation claim and negligent underwriting claims also fail.***"). The Plaintiff has likewise failed to do so here. Accordingly, the Plaintiff has failed to state a plausible claim for relief for constructive fraud based on negligent misrepresentation.

Id. at *4 (emphasis added).  In the present case, Plaintiffs do not even bother to state what

the "misrepresentation" of "false" information was.  Regardless, because there is no duty to

17

"advise" or "guide," any claim of "negligent misrepresentation" is missing its core foundation – *i.e.*, a duty of care.

WHEREFORE, WHIC submits that this matter should be removed to, and remain in, federal district court, and that Defendants Alexander & Strunk Insurance Professionals and Linda Sullivan be dismissed.

Respectfully submitted,

*s/R. Thompson Cooper*
R. Thompson Cooper, OBA No. 15746
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:     (405) 606-3333
Facsimile:     (405) 606-3334
Email:         tom@pclaw.org
ATTORNEY FOR DEFENDANT
WESTERN HERITAGE INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

   This certifies that, on August 8, 2016, the above and foregoing instrument was delivered to the following counsel of record:

|  |  |
|---|---|
| Stanley M. Ward, Esquire<br>Woodrow K. Glass, Esquire<br>R. Ben Houston, Esquire<br>Barrett T. Bowers, Esquire<br>Brent L. Neighbors, Esquire<br>Bryan B. Young, Esquire<br>WARD & GLASS, L.L.P.<br>1601 36th Ave., N.W., Ste 100<br>Norman, Oklahoma 73072 | *VIA U.S. MAIL* |
| Robert W. Nelson, Esquire<br>Thomas A. Paruolo, Esquire<br>NELSON TERRY MORTON<br>DEWITT & PARUOLO<br>PO Box 138800<br>Oklahoma City, Oklahoma 73113 | *VIA U.S. MAIL* |
| Thomas Alleman, Esquire<br>DYKEMA COX SMITH<br>Comerica Bank Tower<br>1717 Main Street, Suite 4200<br>Dallas, Texas  75201 | *VIA U.S. MAIL* |
| C. William Threlkeld, Esquire<br>Sterling E. Pratt, Esquire<br>FENTON, FENTON, SMITH,<br> RENEAU & MOON<br>One Leadership Square, Suite 800N<br>211 North Robinson<br>Oklahoma City, Oklahoma 73102 | *VIA U.S. MAIL* |

             *S/ R. Thompson Cooper*
             For the Firm