# EXHIBIT 2



IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY

| | |
|---|---|
| R.T. PROPERTIES, L.L.C., an Oklahoma limited liability company; and RODNEY D. THORNTON,<br><br>           Plaintiffs,<br><br>vs.<br><br>ALEXANDER & STRUNK INSURANCE PROFESSIONALS; LINDA SULLIVAN, Individually, PHILADELPHIA INSURANCE COMPANIES; CHUBB GROUP OF INSURANCE COMPANIES, an unincorporated Association; THE CHUBB CORPORATION, a a foreign corporation; CHUBB CUSTOM INSURANCE COMPANY, a foreign corporation; CHUBB AND SON, INC., a foreign corporation; CHUBB CUSTOM MARKET, INC., a foreign Corporation; CHUBB SPECIALTY INSURANCE, a foreign corporation; CHUBB & SON, U.S. RISK INSURANCE GROUP, INC., a foreign corporation; U.S. RISK, INC., a foreign corporation; U.S. RISK UNDERWRITERS, INC., a foreign corporation; U.S. RISK BROKERS, a foreign corporation; U.S. RISK FINANCIAL SERVICES, a foreign corporation, JOHN DOE 1-20 INSURANCE COMPANIES,<br><br>           Defendants. | **FILED**<br><br>JAN 20 2016<br><br>In The Office of the<br>Court Clerk RHONDA HALL<br><br>Case No.: CJ-2016-56 |

## PETITION

Plaintiffs R.T. Properties, L.L.C., ("RTP") and Rodney D. Thornton ("Thornton") for their causes of action against Defendants ALEXANDER & STRUNK INSURANCE PROFESSIONALS, LINDA SULLIVAN, INDIVIDUALY PHILADELPHIA INSURANCE COMPANIES, CHUBB GROUP OF INSURANCE COMPANIBS, an unincorporated association, THE CHUBB CORPORATION, a foreign corporation; CHUBB CUSTOM INSURANCE

COMPANY, a foreign corporation; CHUBB AND SON, INC., a foreign corporation, CHUBB CUSTOM MARKET, INC., a foreign corporation, CHUBB SPECIALTY INSURANCE, a foreign corporation, CHUBB & SON, U.S. RISK INSURANCE GROUP, INC., a foreign corporation; U.S. RISK, INC., a foreign corporation, U.S RISK UNDERWRITERS, INC., a foreign corporation, U.S. RISK BROKERS, a foreign corporation, U.S. RISK FINANCIAL SERVICES, a foreign corporation, JOHN DOE 1-20 INSURANCE COMPANIES allege and state:

## THE PARTIES

1. At all relevant times herein mentioned, Plaintiff RTP was and now is an Oklahoma limited liability company whose principal place of doing business is in the City of Norman, Cleveland County, State of Oklahoma.

2. At all relevant times herein mentioned, Plaintiff Thornton was and now is a resident of the City of Norman, Cleveland County, State of Oklahoma.

3. At all relevant times herein mentioned, Defendants were all licensed to broker, and/or sell insurance in the State of Oklahoma.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction and personal jurisdiction over the parties to this action.

5. Venue is properly laid in the District Court of Cleveland County, by virtue of 12 O.S. §134 in that the acts complained of herein occurred in this county.

## FACT ALLEGATIONS

6. Plaintiffs are members of the Greenway Park Commercial Owners Association ("Association").

7. Association purchased both general liability and directors and officers policies from or through the Defendants, including John Does 1-20.

8. The Association made certain claims and commenced a civil suit against Plaintiffs in the District Court of Cleveland County wherein the Association alleged that Plaintiffs' caused damage to the Association for, among other things, property damage and the diminution in value of property.

9. Plaintiffs prevailed against Association on the claims against them, as well as Plaintiffs' counter-claim of quiet title.

10. The Court determined that Association was valid, and that Plaintiffs were members of the Association.

11. Plaintiffs are a named insured under the Association's policies, issued by these Defendants, and Defendants owed a defense and/or indemnification to Plaintiffs for claims asserted by the Association.

12. Plaintiffs requested copies of all polices of insurance written on behalf of the Association on numerous occasions, but have never received any copy of any insurance policy of the Association.

## FIRST CAUSE OF ACTION – FOR BREACH OF CONTRACT

13. Plaintiffs incorporate by reference Paragraphs 1 through 12 as though set forth in full herein.

14. At the time of the events described above giving rise to Plaintiffs' claims under Association policies, Plaintiffs were insureds under the policies.

15. Association and Defendants timely received notice of the claims.

16. Defendants breached their obligations to Plaintiffs under the terms and conditions of the policies by wrongfully refusing defense and indemnity coverage and failing to pay benefits to which Plaintiffs were entitled.

17. Plaintiffs have sustained damages as a direct result of Defendants' breach of their obligations to Plaintiffs under the policies.

WHEREFORE, Plaintiffs pray for judgment against Chubb, as to their First Cause of Action as follows:

1. For its actual damages in a sum in excess of Seventy Five Thousand Dollars ($75,000.00) and as determined by the jury at the time of trial;

2. For interest thereon as provided by law both pre-judgment and post judgment;

3. For its costs;

4. For a reasonable attorney's fee; and,

5. For such other and further relief as the Court deems just, equitable, and proper.

### SECOND CAUSE OF ACTION – FOR NEGLIGENCE

Plaintiffs incorporate by reference paragraphs 1 through 17 as though set forth in full herein.

18. Alexander and Strunk, US Risk, and Sullivan owed Plaintiffs a duty while procuring insurance policies

19. Alexander and Strunk, US Risk, and Sullivan owed Plaintiffs, as an agent and principal to procure insurance policies that would provide the same coverage for other entities that Association would name and as additional insureds under said insurance policies from time to time. Alexander and Strunk, US Risk, and Sullivan individually and as an agent and principal represented and warranted that they would obtain and procure the

4

insurance requested by Plaintiffs. Alexander and Strunk, US Risk, and Sullivan owed Plaintiffs the duty to exercise reasonable care to procure insurance policies and coverage as requested by Plaintiffs.

20. Plaintiffs sustained damages as a direct result of the conduct of Association policies in breaching their duties to procure the insurance requested by Plaintiffs.

21. Alexander and Strunk, US Risk, and Sullivan were and are subject to common purpose, ownership, management, direction, governance and control in such a manner that the Alexander and Strunk, US Risk, and Sullivan are the alter egos of one another and constitute, in reality, a single entity for purposes of establishing the liability of Alexander and Strunk, US Risk, and Sullivan to Plaintiffs.

22. As a direct and proximate result of the conduct of Alexander and Strunk, US Risk, and Sullivan in breaching their duties that they owed to Plaintiffs, Plaintiffs sustained damages in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiffs pray for judgment against Caraway, Agar, Insurica and the U.S. Risk Entities, as to its Third Cause of Action as follows:

1. For its actual damages in a sum in excess of Seventy Five Thousand Dollars ($75,000.00) and as determined by the jury at the time of trial;

2. For interest thereon as provided by law both pre-judgment and post judgment.

3. For its costs; and,

4. For such other and further relief the Court deems just, equitable, and proper.

**THIRD CAUSE OF ACTION – FOR NELIGENT MISREPRESENTATION**

23. Plaintiffs incorporate by reference paragraphs 1 through 22 as though set forth in full herein.

24. At all relevant times hereto, Association policies had a pecuniary interest in the transactions with Plaintiffs through which Plaintiffs principals obtained policies of insurance through Alexander and Strunk, US Risk, and Sullivan including the Policy.

25. At all relevant times hereto, Alexander and Strunk, US Risk, and Sullivan owed Plaintiffs the duty to exercise reasonable care and competence to provide guidance to Plaintiffs in their business transactions to ensure that Plaintiffs obtained the insurance policies and coverage requested and desired by Plaintiffs.

26. During their transactions with Plaintiffs, Alexander and Strunk, US Risk, and Sullivan breached their duties to Plaintiff's principals in the guidance of the business transactions between Plaintiffs and Alexander and Strunk, US Risk, and Sullivan by providing false information.

27. Plaintiffs justifiably relied upon the false information provided to them by Alexander and Strunk, US Risk, and Sullivan with respect to the insurance policies and coverage that Plaintiffs obtained through Alexander and Strunk, US Risk, and Sullivan.

28. As a direct result of the failure of Alexander and Strunk, US Risk, and Sullivan to exercise reasonable care and competence to provide guidance to Plaintiff's principals in their business transactions, Plaintiffs suffered monetary damages in excess of Seventy Five Thousand Dollars ($75,000.00).

29. Alexander and Strunk, US Risk, and Sullivan were and are subject to common purpose, ownership, management, direction, governance and control in such a manner that Association partners are the later egos of one another and constitute, in reality, a single entity for purposes of establishing the liability of Alexander and Strunk, US Risk, and Sullivan to Plaintiffs.

30. The Alexander and Strunk, US Risk, and Sullivan were and are subject to common purpose, ownership, management, direction, governance and control in such a manner that the Alexander and Strunk, US Risk, and Sullivan are the alter ego of one another and constitute, in reality, a single entity for purposes of establishing the liability of Alexander and Strunk, US Risk, and Sullivan to Plaintiffs.

31. By engaging in the conduct described above, Alexander and Strunk, US Risk, and Sullivan acted intentionally and with malice towards others or have been guilty of reckless disregard for the rights of others entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Alexander and Strunk, US Risk, and Sullivan, as to the Third Cause of Action as follows:

1. For its actual damages in a sum in excess of Seventy Five Thousand Dollars ($75,000.00), and as determined by the jury at the time of trial;

2. For punitive damages in a sum as determined by the jury at the time of trial;

3. For interest thereon as provided by law both pre-judgment and post judgment;

4. For its costs; and,

5. For such other and further relief the Court deems just, equitable, and proper.

**FOURTH CAUSE OF ACTION – BAD FAITH BREACH OF CONTRACT**

32. Plaintiffs incorporate by reference paragraphs 1-31 as though set forth in full herein.

33. Defendants unreasonably and in bad faith breached their contract with Plaintiffs.

34. As a direct and proximate result of Defendants' bad faith breach of contract, Plaintiffs have suffered damages.

35. Defendants bad faith breach of contract was committed intentionally and with malice towards others or with reckless disregard for the rights of others, entitling Plaintiffs to punitive and exemplary damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants as to the Fourth Cause of Action as follows:

1. For their actual damages in a sum in excess of Seventy Five Thousand Dollars ($75,000.00), and as determined by the jury at the time of trial;

2. For punitive damages in a sum as determined by the jury at the time of trial;

3. For interest thereon as provided by law both pre-judgment and post judgment;

4. For their costs; and,

5. For such other and further relief the Court deems just, equitable, and proper.

Respectfully submitted,

WARD & GLASS, LLP

_/s/ Stanley M. Ward_

Stanley M. Ward, OBA #9351
Woodrow K. Glass, OBA #15690
Scott F. Brockman, OBA #19416
R. Ben Houston, OBA #14751
Barrett T. Bowers, OBA #30493
Brent L. Neighbors, OBA #15910
Bryan B. Young, OBA #31434
1821 E. Imhoff Road
Norman, Oklahoma 73071
(405) 360-9700
(405) 360-7902 fax
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**