IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

R.T. PROPERTIES, L.L.C., an Oklahoma )
limited liability company; and RODNEY )
D. THORNTON, )
 )
          Plaintiffs, )
 )
v. ) Case No. CIV-16-907-C
 )
ALEXANDER & STRUNK INSURANCE )
PROFESSIONALS, et al., )
 )
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendant Western Heritage Insurance Co. ("WHIC") removed this case pursuant to 28 U.S.C. § 1332, diversity jurisdiction. (Dkt. No. 1.) Although the parties currently entered in the case are not diverse, WHIC argues pursuant to 28 U.S.C. § 1441 that the two non-diverse parties, Alexander & Strunk Insurance Professionals and Linda Sullivan (collectively, the "Brokers") were fraudulently joined and subject matter jurisdiction with this Court is therefore proper. Plaintiffs R.T. Properties, L.L.C., and Rodney Thornton (collectively, Plaintiffs) filed a Motion to Remand. (Dkt. No. 38.) WHIC objected, Defendants Philadelphia Indemnity Insurance Co. and Philadelphia Insurance Cos. join in WHIC's objection, and Defendant U.S. Risk Insurance Group, Inc., and U.S. Risk, Inc., assert similar arguments. The Motion is now at issue.

## OVERVIEW

In 2012, Plaintiffs purchased real estate and began construction of a commercial office building located in Norman, Oklahoma. Shortly thereafter, a group of owners formed the

Greenway Park Commercial Owners Association, Inc., ("Greenway Park"); Plaintiffs were members. Greenway Park proceeded to purchase insurance utilizing the Brokers' services. The Brokers connected Greenway Park with WHIC, which happened to be a non-admitted, or surplus lines, insurance carrier. In order for a surplus lines carrier to provide in-state insurance, it must comply with additional procedures mandated by Oklahoma law. Plaintiffs take issue with the procedures of this transaction, as will be discussed in the analysis section. The remaining Defendants were involved in the insurance transactions as wholesale brokers or additional insurance providers.

In 2013, Greenway Park filed an injunction action against R.T. Properties and Thornton, alleging that their commercial building was in violation of the covenants and restrictions on the property. When R.T. Properties and Thornton brought counterclaims, the Brokers submitted insurance claims on the policy held by Greenway Park. Plaintiffs claim that as members of Greenway Park, they were entitled to legal defense under the policy. Instead, Plaintiffs state they were denied access to the insurance policies and were forced to obtain private counsel, expending more than $500,000 in legal fees.

## STANDARD

As the party invoking removal jurisdiction of the federal court, WHIC bears a substantial burden of proof. In fact, there is a "presumption against its existence." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citing City of Lawton v. Chapman, 257 F.2d 601 (10th Cir. 1958)). To invoke subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a) requires that Movant show "the matter in

2

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." If complete diversity is not present, the Court must remand.

Here, Defendants seek to meet the diversity requirements by showing fraudulent joinder. To establish fraudulent joinder, the defendant must show either: "'1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Hernandez v. Liberty Ins. Corp., 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013)). A successful showing of fraudulent joinder based on the second theory requires the defendant to bear the heavy burden of showing "there is no possibility that Plaintiff would be able to establish a cause of action against the [non-diverse] defendants." Id. (citations omitted). If there is even "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded. Nerad v. AstraZeneca Pharm., Inc., 203 F. App'x 911, 913 (10th Cir. 2006). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id.

In contrast to the "reasonable basis" showing required for a successful claim, the non-liability of the defendants alleged to be fraudulently joined must be established with "complete certainty." See Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967); Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964). To determine the applicable claims and defenses, the Court must "pierce the pleadings, consider

the entire record, and determine the basis of joinder by any means available." Smith v. Allstate Vehicle & Prop. Ins. Co., No. CIV-14-0018-HE, 2014 WL 1382488, at *1 (W.D. Okla. Apr. 8, 2014) (internal quotation marks and citations omitted).

While the Court will consider the entire record, "'the propriety of removal is judged on the complaint as it stands at the time of the removal.'" Salzer v. SSM Health Care of Okla. Inc., 762 F.3d 1130, 1133 (10th Cir. 2014) (quoting Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991)) Accordingly, "new causes of action or theories not raised in the controlling petition filed in state court" must not be considered for the purposes of removal. Smith v. Pohl, No. CIV-14-813-D, 2014 WL 5039966, at *2 (W.D. Okla. Oct. 8, 2014) (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999)).

## ANALYSIS

In the Petition, Plaintiffs allege that the Brokers "breach[ed] their fiduciary duty . . . by not following Oklahoma Insurance law and [they] did not stamp the declarations page as a non-admitted carrier." (Pet., Dkt. No. 1-3, p. 2.) Plaintiffs also allege that the Brokers "failed to solicit inquires [sic] to at least three admitted carriers which [must first] deny coverage before securing insurance with a non-admitted carrier such as [WHIC]." (Pet., Dkt. No. 1-3, p. 3.) Both of these allegations involve violations of the Oklahoma Insurance Code,[1] under which WHIC argues there is no private right of action. Plaintiffs argue that it may be possible to make out a negligence claim by showing that the Brokers

---

[1] More specifically, the alleged violations pertain to the Unauthorized Insurers and Surplus Lines Insurance Act. 36 Okla. Stat. § 1100 et seq.

4

breached a duty owed to Plaintiffs by failing to comply with Oklahoma law. The Court agrees that such a claim may succeed.

Plaintiffs claim to have relied upon false information provided to them by the Brokers. (Petition, Dkt. No. 1-3, p. 10.) Additionally, Plaintiffs state that the Brokers were aware that Greenway Park was composed of various members, and that those members would be affected by the coverage of the plan in question. According to Plaintiffs, Greenway Park's policies list Plaintiffs as a named insured. (Pet., Dkt. No. 1-3, p. 5.) While Greenway Park specifically was the customer, Plaintiffs argue that as members of the association, they paid the insurance premiums and brokerage fees. (Pls.' Reply, Dkt. No. 45, pp. 2-4.) Moreover, Plaintiffs claim that they requested insurance from the Brokers and that "Alexander and Strunk, US Risk, and Sullivan individually and as an agent and principal represented and warranted that they would obtain and procure the insurance." (Pet., Dkt. No. 1-3, p. 8.) These facts make out the possibility of a successful negligence or negligent misrepresentation claim.

In response to the negligence claim, WHIC argues that the two-year statute of limitations[2] would have been triggered at the time the insurance premiums were paid, and thus the cause of action would have expired prior to the filing of this action. However, Plaintiffs state they were denied information and the written insurance policies until 2015. (Pls.' Reply, Dkt. No. 45, p. 7; Pet., Dkt. No. 1-3, p. 6.) Because "Oklahoma follows the

---

[2] See 12 Okla. Stat. § 95.

discovery rule allowing limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury," Resolution Trust Corp. v. Grant, 1995 OK 68, ¶ 8, 901 P.2d 807, 813, and the Court must view the facts in the light most favorable to the Plaintiffs,[3] the Court finds that there is the possibility of a successful negligence claim.

## CONCLUSION

Because Defendants have failed to carry the substantial burden of showing there is no possibility Plaintiffs would be able to establish a cause of action against the Brokers, the Court finds that remand is proper. Plaintiffs' Motion to Remand (Dkt. No. 38) is GRANTED. The Court Clerk shall take the necessary steps to remand this matter to the District Court of Cleveland County.

IT IS SO ORDERED this 7th day of November, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge

---

[3] Hames v. Bayer AG, No. CIV-04-183-M, 2004 WL 5363840, at *2 (W.D. Okla. June 8, 2004).

6